The opinion of the Court was delivered by
Withers J.
At the instance of Blum the distress warrant was issued, that is to say, the magistrate was set in motion for that purpose; and at his instance proceedings under it were abandoned. The question was whether his act in directing such abandonment was that of the plaintiff. The jury have so affirmed upon evidence to the effect that Mrs. Belser said upon the occasion of a conference with the magistrate, and upon the issuing of the warrant, that Blum was her agent in collecting rents.
It is objected that this was revoking, or abrogating a power of attorney under seal, to wit, the distress warrant, by parol evidence, to wit, by the mere declaration of Mrs. Belser.
Before it becomes necessary to examine the law cited for the proposition, the previous inquiry arises, Does the case present the point?
It is not the substitution of one agent in lieu of another, to do the same thing, in the same or a different manner; nor the carving out from Blum’s agency a portion which is committed to another — in derogation of the rights and interests of one agent as against another, or of the rights and interests of a third party as against the principal. It was a transaction in furtherance of Blum’s agency in the business of collecting the plaintiff’s rents. It seems to this court to be no more than the control and direction by Blum, of an executive officer, in a *209 particular calling for bis service towards the end of Blum’s agency. There is no more in this than the common and familiar case of an attorney dealing with the sheriff in administering an execution.
The constable in this case may be aptly likened to the sheriff in that case, for he was acting officially under process, procured at Blum’s immediate instance, but in character of plaintiff’s representative, and this in pursuance (it is supposed) of the declaration of Stat. 13 Ed. 1, Ch. 37 (2 Stat. 422.) “that no distress shall be taken but by bailiffs sworn and known.”
Whatever may be said in the books as to the law of bailiffs of manors in England, or of the technical plea of release of an obligation secured by deed, it must be held competent for the plaintiff, by parol, to have placed this process under the direction of Blum, so that he should be fully authorised to control it. This must be true when, as in this instance, the plaintiff’s interest alone is concerned, however it might be if the constable had held an agency coupled with an interest in himself, or whose proceedings had involved the interest of a third party. To this last state of things would more aptly apply the citation of law upon the questions of evidence and revocation of agency, raised and argued. Whether the plaintiff did confer upon Blum such control over the warrant of distress in the defendant’s hands, was the question submitted to the jury, and found by them in the affirmative. Nor was this resolution without reason; for to what other purpose need the plaintiff have referred to Blum as her agent on the very occasion of her conference with the magistrate, touching the rent in question, and in the very act of signing the warrant for it? The argument wmuld admit that Blum might have received the rent from La Rousselier and thus have dischargéd all proceedings. Then why may not the jury be competent to enquire whether he had done that which was tantamount — whether he had not given an acquittance, under his responsibility to his principal, which should discharge further proceedings by law ?
*210 For sucb reasons we do not perceive the error imputed to the Circuit Court, and the motion therefore is dismissed.
ONeall, Wardlaw, Whitner, Glover and Munro, JJ., concurred.

Motion dismissed.